UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

URIEL ALVAREZ-MENESES,

        Petitioner,

v.

KEVIN RAYCRAFT et al.,

        Respondents.
_____/

Case No. 1:25-cv-1666

Honorable Jane M. Beckering

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee, initiated this action while he was detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice as moot.

## Discussion

### I. Procedural History

Petitioner initiated this action in the United States District Court for the Eastern District of Michigan. (Pet., ECF No. 1.) In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, accept jurisdiction over this action, declare that 8 U.S.C. § 1226(a)—and not 8 U.S.C. § 1225(b)(2)(A)—is the appropriate statutory provision that governs Petitioner's detention and eligibility for bond, and issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner from custody or provide Petitioner with a bond hearing pursuant to 1226(a). (Pet., ECF No. 1, Page 27–28.)

The Eastern District of Michigan then transferred the action to this Court. (Transfer Order, ECF No. 7.) Thereafter, in an Order entered on December 10, 2025, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 10.)

In lieu of a response, on December 15, 2025, Respondents filed a notice, indicating that they would "provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days." (Notice, ECF No. 11, Page 1.) On December 23, 2025, Respondents filed a status report, in which they stated that Respondents provided Petitioner with a bond hearing on December 22, 2025, and that at the hearing, the Immigration Judge denied bond "because Petitioner 'is [a] danger due to his three DWI arrests.'" (Status Report, ECF No. 12, Page 1 (quoting Bond Order, ECF No. 12-1).) Later that same day, Petitioner filed a response to Respondents' status report, in which Petitioner argued that at the bond hearing, the Immigration Judge had not properly applied "binding [Board of Immigration Appeals (BIA)] precedent." (Resp. Status Report, ECF No. 13, Page 2.) Subsequently, on December 30, 2025, Respondents filed a motion to dismiss the petition, seeking to dismiss the action as moot because Petitioner had received a bond hearing under § 1226(a). (ECF No. 14.) Petitioner did not file a response to the motion.

## II.    Relevant Factual Background

Petitioner is a citizen of Mexico, and he has resided in the United States since 2005. (Pet., ECF No. 1, Page 8; Br. Supp. Mot. Dismiss, ECF No. 15, Page 2.) Petitioner was originally arrested by ICE on December 12, 2024, "when he was accompanying his partner to her Family Expedited Removal Management appointment with ICE." (Pet., ECF No. 1, Page 8.) At that time, ICE placed Petitioner in removal proceedings "and charged Petitioner with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection." (*Id.*) "On

2

February 6, 2025, Petitioner was granted a bond, with the condition that he not drive without a license." (*Id.*; Feb. 6, 2025, Bond Order, ECF No. 13-1.)

On October 4, 2025, Petitioner was encountered by ICE in Chicago, and he was taken into custody at that time. (Pet., ECF No. 1, Page 9.) On December 22, 2025, the Detroit Immigration Court held a bond hearing under § 1226(a) and denied Petitioner bond, concluding that Petitioner was "a danger due to his three DWI arrests." (Dec. 22, 2025, Bond Order, ECF No. 12-1.)

### III.   Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy— 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

**IV.     Discussion**

In this case, after Petitioner filed the instant § 2241 petition, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226 in the Detroit Immigration Court on December 22, 2025. (Dec. 22, 2025, Bond Order, ECF No. 12-1.) The Detroit Immigration Court denied Petitioner's request for a bond, concluding that Petitioner was "a danger due to his three DWI arrests." (*Id.*) In a submission to this Court—filed after the December 22, 2025, bond hearing—Petitioner argues that the Detroit Immigration Court "did not find a change of circumstances [from the February 6, 2025, bond hearing at which he received bond] for a revocation of bond as required by [a binding BIA decision]," and therefore, the Detroit Immigration Court failed to hold a proper bond hearing "under 8 U.S.C. § 1226(a) where it applies binding BIA precedent." (Resp. Status Report, ECF No. 13, Page 1–2.) Respondents then filed a motion to dismiss, seeking the dismissal of this action for lack of subject-matter jurisdiction because the action is moot. (Br. Supp. Mot. Dismiss, ECF No. 15, Page 4.)

In Petitioner's § 2241 petition, he requested that the Court "[i]ssue a writ of habeas corpus requiring that Respondents release Petitioner from custody unless the Petitioner is provided with a bond hearing pursuant to 8 U.S.C. § 1226(a)." (Pet., ECF No. 1, Page 27.) After Petitioner filed his § 2241 petition, Petitioner had a bond hearing pursuant to 8 U.S.C. § 1226 in the Detroit Immigration Court on December 22, 2025. (Dec. 22, 2025, Bond Order, ECF No. 12-1.) Petitioner seeks to challenge the Immigration Judge's findings at the § 1226 bond hearing; however, any challenge to the § 1226 bond hearing raises new claims that were not raised in Petitioner's original § 2241 petition. Under these circumstances, because Petitioner received a § 1226 bond hearing, which was the relief that he sought in his § 2241 petition, the § 2241 petition is now moot, and the Court will grant Respondents' motion to dismiss.

**Conclusion**

For the reasons discussed above, the Court will enter an Order and Judgment granting Respondents motion to dismiss and dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice as moot.

Dated:   January 28, 2026           /s/ Jane M. Beckering
                                    Jane M. Beckering
                                    United States District Judge